UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>    Plaintiff,<br><br>  v.<br><br>SACRAMENTO COUNTY,<br><br>    Defendant. | No. 2:18-cv-0957-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former county jail inmate and now a state prisoner, proceeds without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis (ECF No. 18, 19).

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the agency having custody of plaintiff shall collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening

I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II.     Analysis

Plaintiff brings this lawsuit against Sacramento County alleging that he was wrongfully arrested for failing to register as a sex offender. He asserts that he was not required to register because his underlying conviction had been expunged, and because he was then beaten by police. ECF No. 1 at 4. Plaintiff also claims that the county has deprived him of due process and defamed him because police officers have informed "law enforcement agencies, courts, the public, thugs and neighbors" that he was arrested for failing to register by posting about it on a website at the URL "SacJustice.CA.gov" or "SacJustice.com" (the court could locate no such websites). *Id.* at 5, 11, 12. Plaintiff alleges that the county is "still prosecuting me for failing to register." *Id.*at 5. The court can discern four possible claims from plaintiff's allegations: (1) that he was wrongfully arrested; (2) that arresting officers subjected him to excessive force; (3) that county authorities violated his due process rights by publishing a webpage listing him as a sex offender who has not registered; and (4) that county authorities defamed him by publishing the webpage.

The complaint presents a number of problems. First, it appears that plaintiff wishes to contest an ongoing state criminal prosecution against him. Under the *Younger* abstention doctrine federal courts are required to abstain from hearing cases that would interfere with pending state proceedings that implicate important state interests. *Younger v. Harris*, 401 U.S. 37 (1971); *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). Plaintiff alleges here that state authorities are currently prosecuting him for failing to register as a sex offender. ECF No. 1 at 5. But under *Younger*, the court must abstain from interfering with this pending criminal prosecution. Thus, the court must abstain from hearing plaintiff's claims that (1) he was wrongfully arrested because he is not legally required to register as a sex offender and (2) county authorities are violating his constitutional and state-law rights by labeling him a sex offender who must register. These claims are premised on plaintiff's allegation that he is not required to register as a sex offender, which is the subject of the pending criminal case. Accordingly, they

must be dismissed without prejudice. Further, leave to amend could not alter the fact that plaintiff may not pursue these claims while the criminal matter is proceeding. Accordingly, the district judge should dismiss the claim without leave to amend.

Plaintiff's remaining claim – that he was subjected to excessive force during his arrest – does not implicate his ongoing prosecution and thus the court need not abstain from hearing it under *Younger*. However, plaintiff has not alleged any facts against the sole defendant, Sacramento County, from which the court could subject it to liability for the alleged excessive force. To hold the municipality liable for the conduct of its police officers, plaintiff must allege that the county, through its deliberate conduct, was the moving force behind the excessive force. *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1078-79 (9th Cir. 2016). Such deliberate conduct may be shown by a failure to train police officers that amounts to deliberate indifference to the rights of the persons with whom the police come into contact or a deliberate choice to implement a policy or practice that caused the alleged use of excessive force. Because plaintiff's complaint lacks any allegations that the county failed to train officers or had a policy or custom that caused the excessive force, and because plaintiff has not sued any other defendants (e.g., the officers who allegedly subjected him to excessive force), the court will dismiss the excessive force claim, but with leave to amend.

Based on the foregoing, plaintiff's complaint must be dismissed. However, plaintiff should be given an opportunity to file an amended complaint to attempt to state facts that would cure the deficiencies as to the excessive force claim.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 18, 19) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith; and

/////

4

3. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be dismissed, and plaintiff be granted leave to amend only as to the excessive force claim within 30 days of any order adopting these findings and recommendations; and

2. Plaintiff be warned that failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE